IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-519-BO

| | |
|---|---|
| DOROTHY JEFFRIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER and** |
| WILLIAM CHAVIS d/b/a CAPE FEAR ) | **MEMORANDUM AND** |
| UPHOLSTERY OF FAYETTEVILLE, ) | **RECOMMENDATION** |
| ) | |
| Defendant. ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E.1) by plaintiff Dorothy M. Jeffries ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. The court finds that plaintiff has adequately demonstrated her inability to pre-pay the required court costs, and her motion is therefore ALLOWED. However, based on the court's frivolity review, it will be recommended that this case be DISMISSED for the reasons and on the terms stated below.

## I. BACKGROUND

Plaintiff's complaint consists of a three-page form (D.E.1-2) to which are attached about 200 pages of exhibits (D.E. 1-3 to -9) consisting primarily of North Carolina state court documents. According to the complaint and attachments, plaintiff previously filed suit against defendant William Chavis d/b/a Cape Fear Upholstery of Fayetteville ("defendant") in North Carolina district court.

Plaintiff's state court claims included allegations that defendant misrepresented his ability to professionally and adequately repair the convertible top on one of plaintiff's cars and damaged the car as a result. (*See* D.E. 1-4, p. 48). She also alleged that defendant improperly moved another one of plaintiff's cars without her permission and concealed the car from her. (*See id.*). Plaintiff

initially filed her claim in the small claims division of district court. (*See id.*, pp. 48-52). She was awarded $1,190.72 and possession of the car that had been moved and hidden. (*Id.*, p. 47). Defendant appealed this judgment to district court. (*Id.*, p. 44). The appeal nullified the judgment and subjected the case to *de novo* review in the district court division. *See* N.C. Gen. Stat. § 7A-228.

In district court, defendant asserted counterclaims against plaintiff (*see* D.E. 1-4, pp. 34-39), which plaintiff did not answer. On 14 June 2007, the district court awarded plaintiff nothing on her claims and entered default judgment against her on the counterclaims in the principal amount of about $6,000.00. (*See* D.E. 1-3, pp. 25-26).

In this action, filed 7 October 2008, plaintiff contends that her claims against defendant in the state court proceeding were wrongly and unfairly decided because she was not allowed to present her case and was denied due process. (Compl., pp. 2-3). Plaintiff accordingly brings the same claims in this action. She further alleges that the state clerk of court wrongly told her that she needed to have an attorney to file an appeal. (*Id.*). The compensatory relief plaintiff seeks includes payment of damages done to both cars; compensation for payments made on her second car while it was in defendant's possession; automobile rental, mileage, and lost time at work; reversal of the state court judgment; court costs; and pain and suffering. (*Id.*).

## II. DISCUSSION

### A. Legal Standards Applicable in a Frivolity Review

The court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

2

(1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

More particularly, under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Ashcroft v. Iqbal*, __ S. Ct. __, No. 07-1015, 2009 WL 1361536, at *12-13 (18 May 2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (in review for frivolousness, court held that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

3

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal).[1] "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**B.     Lack of Subject Matter Jurisdiction over Plaintiff's Claims**

Because plaintiff's claims in this action constitute a request to reconsider and overturn a state court judgment, the court lacks subject matter jurisdiction over them under the *Rooker-Feldman* doctrine. This doctrine bars federal courts from sitting "in direct review of state court decisions." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 (1983); *Davani v. Virginia*

---

[1] *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Ruhugas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.").

4

*Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself."). This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. A constitutional claim is inextricably intertwined with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (federal claim is inextricably intertwined where "in order to grant the federal relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual"). In other words, *Rooker-Feldman* applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 388 (M.D.N.C. 2004) (quoting *Plyer v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997)).

The Supreme Court instructs that the following specific conditions warrant application of *Rooker-Feldman*: (1) the federal court plaintiff was a party to the state court proceeding; (2) the state court ruling was a final or conclusive judgment on the merits; (3) the federal court plaintiff complains of injuries caused by the state court judgment; and (4) the federal plaintiff requests the district court to overturn that judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Sophocleus v. Alabama Dep't of Transp.*, __ F. Supp. 2d. __, 2009 WL 636538, at *5 (M.D. Ala. 12 March 2009) ("Cases are therefore subject to the [*Rooker-Feldman*] doctrine if: (1) brought by state-court losers (2) complaining of injuries caused by state-court

judgments (3) rendered before the district court proceedings commenced and (4) inviting district court review and rejection of those judgments.") (internal citations omitted). All of these conditions are met in the present case.

Plaintiff was a party in a state court action, and final judgment was entered against her in the action. The injuries she alleges in the present case resulted from the state court judgment, which terminated before she commenced this litigation. Plaintiff's request for relief in this case expressly includes a finding that the state court action was wrongly and unfairly decided. Any complaints plaintiff has about her ability to appeal the state court judgment need to be addressed in state court. *D.C. Ct. App. v. Feldman*, 460 U.S. at 482 (a party seeking review of a state court decision must first appeal to the highest court of that state and then may seek a writ of certiorari from the United States Supreme Court). This court concludes that it does not have subject matter jurisdiction to review plaintiff's claims and the case should be dismissed. *See Reaves v. Atkinson*, No. 4:07-1727, 2008 WL 5051388, at *4 (D. S.C. 20 Nov. 2008) (court dismissed claims as frivolous for among other reasons, lack of subject matter jurisdiction over claims where appropriate redress belonged in state court).

### III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that all of plaintiff's claims be DISMISSED. The Clerk shall send copies of this Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have ten business days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 19th day of May, 2009.

James E. Gates
United States Magistrate Judge